IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS,

Plaintiff,

v.

BLAND'S SEWER & WATER, INC.,
and DANNY J. BLAND, individually,

Defendants.                                                    No. 09-553-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is Plaintiffs Central Laborers' Pension, Welfare and Annuity Funds' Motion to Strike Defendant's, Danny J. Bland, Individually, Third Special Defense Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (Doc. 14) and Motion to Strike Defendant's, Bland's Sewer & Water, Inc., Third Special Defense Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (Doc. 15). Specifically, Plaintiffs move to strike identical special defenses in both of the Defendants' Answers. Neither Defendant has filed a response. Therefore, the Court considers Defendants' failure to respond an admission of the merits of Plaintiffs' motions. **LOCAL RULE 7.1(g)**.[1]

---

[1] **LOCAL RULE 7.1(g)** provides that: "[f]ailure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

Plaintiffs have filed their motions to strike pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(f)**. Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored as they potentially serve only to delay. ***Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989)***. But where motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." ***Id***.

Plaintiffs assert, and Defendants do not deny, that both Defendants' third special defense should be stricken because it sets forth a defense that the Seventh Circuit has specifically rejected. In both Defendants Answers (Docs. 9 & 10) to Plaintiffs' Complaint Defendants contend that Plaintiffs' damages claims are an unenforceable penalty as Plaintiffs seek liquidated damages in excess of $7,000 when Defendants argue that their actual damages are less than $125.00. However, the Seventh Circuit has allowed for contract penalties in ERISA cases. ***Operating Engineers Local 139 v. Gustafson Construction Company*, 258 F.3d 645, 655 (7th Cir. 2001) ("[W]hile the ban on contractual penalties remains an established principle of the law of contracts, it is antiquated and should not be extended into ERISA.")**. Thus, Defendants' defense regarding unenforceable contract penalties is insufficient and should be stricken. Accordingly, the Court **GRANTS** Plaintiffs' motions to strike third special defense (Docs. 14 & 15). The third special defense regarding contract damages in both Defendant Bland's Sewer

& Water, Inc. and Defendant Danny J. Bland's Answers (Docs. 9 & 10) are **STRICKEN**.

**IT IS SO ORDERED.**

Signed this 25th day of February, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**